**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ERIC ELDER,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY and MAURICE STARKS,<br><br>    Defendants. | Civil Action No.<br>1:19-cv-05077-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Eric Elder's motion to remand [ECF 8]. For the following reasons, Elder's motion is **DENIED**.

**I.    BACKGROUND**

This case arises out of an insurance coverage dispute. Defendant State Farm Fire and Casualty Company issued Elder a homeowner's insurance policy, designated as Policy No. 81-CXA354-8 9 ("Policy"), for his property located in Leesburg, Georgia.[1] According to Elder, his property sustained damage as the result of a storm.[2] Specifically, the storm caused damage to Elder's custom roof.[3]

---

[1]   ECF 1-3, at 5, 10.

[2]   *Id.* at 5.

[3]   *Id.*

After filing his claim with State Farm, Elder alleges that Defendant Maurice Starks, an individual working for State Farm as an external claim resource adjuster, made representations to Elder that State Farm would pay to replace the roof.[4]

On October 9, 2019, Elder initiated this action in the Superior Court of Gwinnet County, Georgia.[5] Elder alleges three causes of action against State Farm and Starks.[6] In Count I, Elder alleges a breach of contract claim against State Farm.[7] In Count II, Elder alleges a claim for penalties and attorney's fees against State Farm.[8] In Count III, Elder alleges a claim for unfair and deceptive acts or practices against Starks individually.[9]

On November 8, 2019, Defendants timely removed the case to this Court.[10] On December 6, 2019, Elder filed the instant motion to remand.[11] On December 13,

---

[4]   *Id*. at 6.

[5]   *Id*. at 4.

[6]   *See generally* ECF 1-3.

[7]   *Id*. at 6.

[8]   *Id*. at 7.

[9]   *Id*. at 8.

[10]  ECF 1.

[11]  ECF 8.

2019, Defendants filed their response in opposition to Elder's motion.[12] Elder filed a reply on December 27, 2019.[13]

## II. LEGAL STANDARD

A civil action originally filed in state court can be removed to the federal district court embracing the state court if the district court has original jurisdiction over the case. 28 U.S.C. § 1441(a). "[W]hen an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The removing party "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The "removal statutes are construed narrowly . . . [and] uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Federal courts possess limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have original jurisdiction over all civil actions arising under the United States Constitution, as well as its laws and treaties (*i.e.*, federal question jurisdiction). 28 U.S.C. § 1331. In addition, district courts have diversity jurisdiction over civil actions where the amount in

---

[12] ECF 13.

[13] ECF 16.

controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332. The party seeking removal must satisfy one of these two standards to invoke federal jurisdiction. *Burns*, 31 F.3d at 1095 ("[R]emoval is only permissible when plaintiff's claim could have been filed in federal court originally.").

For diversity jurisdiction, complete diversity does not exist "unless *each* defendant is a citizen of a different state from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). *See also Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1564 (11th Cir. 1994) ("Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."). However, a defendant can properly remove an action where complete diversity does *not* exist *if* it can show that the non-diverse defendant was fraudulently joined. *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). The doctrine of fraudulent joinder applies "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction." *Id. See also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."). When this occurs, "the

district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson*, 454 F.3d at 1281.

The removing party bears the "heavy burden" of establishing fraudulent joinder. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). It must prove "by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). *See also Triggs*, 154 F.3d at 1287 ("Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts.") (internal citations omitted). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

While the standard of review is "*similar* to that used for ruling on a motion for summary judgment" because the Court can examine evidence beyond the pleadings, it is not the same:

> When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. If there is even a possibility that a state court could find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

*Crowe*, 113 F.3d at 1538. *See also Triggs*, 154 F.3d at 1287 ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.").

Further, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez*, 139 F.3d at 1380. All questions of fact must be resolved in plaintiff's favor. *Legg v. Wyeth,* 428 F.3d 1317, 1323 (11th Cir. 2005). However, "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Id.* In other words, when a defendant presents affidavits or deposition transcripts that are undisputed by the plaintiff, "the court cannot then resolve the facts in the [p]laintiff['s] favor based solely on the unsupported allegations in the [p]laintiff['s] complaint." *Id.* Rather, the plaintiff generally must come forward with some evidence to dispute the sworn testimony submitted by the defendant in order to support remand. *Shannon v. Albertelli Firm,*

*P.C.*, 610 F. App'x 866, 871 (11th Cir. 2015) (citing *Legg*, 428 F.3d at 1323–25). In fact, a court can abuse its discretion by failing to consider sworn testimony by either party when resolving a question of fraudulent joinder. *Shannon*, 610 F. App'x at 871 (citing *Legg*, 428 F.3d at 1323).

### III.   DISCUSSION

Defendants removed this action based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. It is, however, undisputed that both Elder and Starks are Georgia citizens. On the face of Elder's Complaint, there is a lack of complete diversity and the case is generally not one that may be properly removed. Defendants nonetheless argue removal is proper because Elder fraudulently joined Starks in this litigation solely to defeat federal jurisdiction. Defendants argue they meet the first test for fraudulent joinder—that Elder cannot possibly maintain his cause of action against Starks individually.

Elder asserts one cause of action against Starks: a claim for unfair and deceptive insurance practices under O.C.G.A. § 33-6-1 *et seq*. In enacting these provisions, the Georgia legislature "has promulgated a comprehensive administrative scheme to remedy violations of its laws prohibiting unfair trade practices by insurers." *Pedraza v. United Guar. Corp.*, No. CV 199-239, 2000 WL 36692425, at *8 (S.D. Ga. Aug. 14, 2000). The relevant chapter contains two articles:

Article I "regulate[s] trade practices in the business of insurance," and Article II "set[s] forth standards for the investigation and disposition of claims arising under policies or certificates of insurance issued to residents of Georgia." O.C.G.A. §§ 33-6-1; 33-6-31. According to O.C.G.A. § 33-6-3: "No person shall engage in this state in any trade practice which is defined in this article as or determined pursuant to this article to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance." Section 33-6-4(b)(2) defines the "[m]aking . . . [of] any . . . statement misrepresenting the terms of any policy issued or to be issued, [or] the benefits or advantages promised thereby" as an unfair or deceptive trade practice.

This chapter of the Georgia insurance code does not provide a private cause of action for money damages. To the contrary, O.C.G.A. § 33-6-37 expressly provides: "Nothing contained in this article shall be construed to create or imply a private cause of action for a violation of this article." The text is clear that the Georgia General Assembly provided the Insurance Commissioner the sole right to enforce these provisions. O.C.G.A. § 33-6-6; § 33-6-8(a). Georgia courts have held this authority cuts off any private cause of action under the statute. *White v. Chicago Title Ins. Co.*, No. 1:14-CV-2762-TWT, 2014 WL 12489755, at *3 (N.D. Ga. Dec. 31, 2014) (dismissing claim because "the provisions at issue, O.C.G.A. §§ 33–6–4 and

33–6–5 do not provide for private enforcement"); *Pedraza*, 2000 WL 36692425, at *8 (detailing Insurance Commissioner's responsibilities under statute and holding "the Georgia legislature's failure to provide an express private cause of action for money damages to remedy violations of . . . unfair trade practices expresses a policy judgment of the Georgia legislature that private enforcement of Georgia's insurance laws is contrary to the public interest").

Notwithstanding the above, Elder contends he can maintain his claim against Starks because he "solely seeks to enforce remedies at law."[14] Elder points to O.C.G.A. § 33-6-14 and the decision by the Georgia Court of Appeals in *Provident Indemnity Life Insurance Company v. James*, 234 Ga. App. 403 (1998). According to § 33-6-14:

> The powers vested in the Commissioner by this article shall be in addition to any other powers to enforce any penalties, fines, or forfeitures authorized by law with respect to the methods, acts, and practices declared to be unfair or deceptive by this article.

In *Provident*, the Georgia Court of Appeals held that the plaintiff could assert a tort claim based on allegations of fraudulent misrepresentation against an insurance company in violation of O.C.G.A. § 33-6-4:

---

14   ECF 16, at 6.

> While it is true that the complaint alleges such violations [of § 33-6-4], as well as numerous other allegations of fraudulent behavior, the tort claims presented in this case are separate and distinct causes of action from an administrative proceeding directed solely at violations of the Insurance Code.

234 Ga. App. at 406.

The Georgia appellate court held that "it does not matter whether the [plaintiff] is able to prove at trial that Provident, in fact, violated the Insurance Code, as such proof is not dispositive of the case." *Id*. As such, under those specific facts, "the tort causes of action in this case had fully vested as a legal action and not as an administrative action, which tort actions could be brought directly in the trial court." *Id*. at 894–95.

Based on Elder's allegations, the Court does not find *Provident* dispositive. It is undisputed that Starks is not a party to the Policy, in contrast to *Provident*, where the defendant was the insurance company itself. Instead, Elder's entire claim is premised on Starks' alleged actions as an insurance adjuster for State Farm. Elder alleges Starks represented that State Farm would pay for the repairs to Elder's custom roof, Elder relied on that representation to begin such repairs, but State Farm subsequently refused to pay for the roof replacement.[15]

---

15   ECF 1-3, at 6.

Unlike the situation in *Provident*, Elder's claim against Starks is not separate and independent, but completely depends on Elder's ability to prove a violation of the Georgia insurance code. Rather than being merely incidental to the statute, Elder quotes the relevant statutory subsection in his Complaint.[16] His claim is not for the separate tort of fraudulent misrepresentation. Based on the text of the insurance code, Elder's allegations are more appropriately directed towards the insurer—State Farm—rather than the insurance adjuster and are in the exclusive domain of Georgia's Insurance Commissioner. This is particularly important because the Georgia legislature did not provide Elder the type of private right of action he seeks to enforce against Starks. *White*, 2014 WL 12489755, at *3. Georgia law counsels against a court implying a new cause of action in a statute when not expressly provided for by the Georgia legislature. *State Farm Mut. Auto. Ins. Co. v. Hernandez Auto Painting & Body Works, Inc.*, 312 Ga. App. 756, 761 (2011) ("[I]t is well settled that violating statutes and regulations does not automatically give rise to a civil cause of action by an individual claiming to have been injured from a violation thereof. . . . [T]he statutory text must expressly provide a private cause of action. The absence of language . . . creating a private right of action strongly

---

16   *Id.*

indicates the legislature's intention that no such cause of action be created by said statute.").

Since Elder lacks a private right of action, Defendants have carried their heavy burden of establishing fraudulent joinder by demonstrating that there is no possibility a state court could find the Complaint states a cause of action against Starks. *Stillwell*, 663 F.3d at 1332; *Crowe*, 113 F.3d at 1538.

Therefore, Elder's motion to remand [ECF 8] is **DENIED**. Elder's claim against Defendant Starks is **DISMISSED WITHOUT PREJUDICE**. Since Elder is a Georgia citizen and State Farm an Illinois citizen, there is a complete diversity of citizenship. The parties do not challenge the amount in controversy element and the Court finds that it exceeds $75,000 in this case.[17] As such, the Court has subject matter jurisdiction over the remainder of the action.

**SO ORDERED** this the 15th day of May 2020.

                                                Steven D. Grimberg
                                  United States District Court Judge

---

[17] ECF 1, ¶¶ 7–9.